UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 03-10383-RGS |
| JULIO FRANCO | ) ) ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS
<u>EVIDENCE</u>

The United States of America, by and through Assistant United States Attorney William H. Connolly, hereby responds to Defendant's Motion to Suppress Evidence.

Defendant Julio Franco is charged in a two-count indictment with conspiracy to possess with intent to distribute cocaine and attempted possession of cocaine. The Indictment stems from a brief wiretap investigation. At the conclusion of the investigation, agents executed a federally-issued search warrant at Franco's apartment at 11 Kings Hill Drive, Lynn, Massachusetts. Prior to the issuance of the search warrant, agents proceeded to 11 Kings Hill Drive in an attempt to locate defendant Franco. Upon their arrival, agents encountered Franco's wife, Nancy Rios Franco, but did not locate Franco. Agents secured the home in anticipation of a search warrant. Upon the issuance of the search warrant, agents searched Franco's residence and seized various items, including $183,939 in cash, miscellaneous paperwork and photographs, a key ring, and an address book.

The defendant now moves to suppress "any and all evidence derived from the unlawful search" of 11 Kings Hill Drive. Franco asserts that (1) the agents' warrantless entry into the home prior to issuance of the search warrant exceeded the bounds of a legitimate security sweep; (2) the agents' use of a drug sniffing dog resulted in an unreasonable seizure of the premises; and (3) that Nancy Rios's consent to the agents' entry was the product of coercion. In advancing these three arguments, however, the defendant fails to identify a single piece of evidence that was seized pursuant to these claimed intrusions. In fact, the defendant acknowledges in his own statement of facts that the cash and other pieces of evidence were seized pursuant to the search warrant. Defendant's motion pp. 3-4. Yet, the defendant has not challenged the validity of the warrant. Furthermore, Franco makes no claim that the warrant affidavit contained information obtained during the warrantless entry or the canine search. Thus, the propriety of the agents' pre-warrant behavior has no impact on the validity of the warrant, pursuant to which the evidence was seized. For these reasons, the defendant's motion to suppress must be summarily denied.

                                            Respectfully Submitted,

                                            <u>/s/ William H. Connolly</u>
                                            Assistant U.S. Attorney

Submitted: March 2, 2007