UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 03-10383-RGS |
| | ) | |
| JULIO FRANCO | ) | |
| | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY

Now comes the United States, by its attorneys, Michael J.
Sullivan, United States Attorney, and David G. Tobin, Assistant
U.S. Attorney, and hereby responds to Defendant Julio Franco's
Motion for Discovery.

Defendant Franco is charged in a two-count indictment with
conspiracy to possess with intent to distribute cocaine and
attempted possession of cocaine.  The investigation that resulted
in the indictment was initiated by the Columbian National Police
(CNP) in May 2003.  As part of their investigation, the CNP
obtained an eavesdropping warrant on May 29, 2003, for a
Columbian payphone assigned telephone number (574) 412-2079.
The CNP identified Paulino Salcedo ("SALCEDO"), a resident of
Medellin, Columbia, as a member of an organization that used the
Columbian payphone.  The CNP intercepted a number of
conversations over the Columbian payphone between SALCEDO and a
narcotics trafficker in New Your City during which SALCEDO
arranged for the shipment of fifty kilograms of cocaine.

The Drug Enforcement Administration ("DEA") in New York

identified the narcotics trafficker intercepted over the

Columbian wiretap speaking with SALCEDO.   The DEA in New York

identified two cell phones used by that individual and his

associates to conduct narcotics business.   The DEA in New York

then determined that cellular telephone (310) 505-8943 was used

by SALCEDO to conduct narcotics business with the New York based

narcotics trafficker.

On September 12, 2003, the CNP obtained a Columbian court

order to intercept communications over the cellular telephone

used by SALCEDO [(310) 505-8942].   The CNP intercepted a

conversation over that cellular telephone between SALCEDO and a

narcotics trafficker in Boston, Massachusetts, known as "Ramon"

and later identified as Defendant Franco.   The intercepted call

between SALCEDO and Defendant Franco demonstrated that Defendant

Franco received multiple kilogram shipments of cocaine supplied

by SALCEDO for distribution in the Boston area.   The DEA in

Boston obtained court authorization to intercept calls over a

telephone used by Franco (Target Telephone).

In his Discovery Motion, Defendant Franco seeks "[a]ll

documentation pertaining to the applications and issuance of the

Columbian Warrants" obtained on May 29, 2003 and September 12,

2003.

The United States does not oppose Defendant Franco's Motion

for Discovery, but alerts the Court that the United States is not

in possession of the requested documents.  The requested

documents are in the possession of and under the control of

Columbian law enforcement.  The undersigned attorney for the

United States will seek to obtain the requested documents from

the Columbian national government through the protocols

established by international treaties.[1]  This process requires

contact between the United States State Department and the

Columbian national government.  The United States cannot

guarantee that the Columbian national government will honor the

request and provide the documents sought by Defendant Franco.

The process of formally requesting law enforcement assistance

from a foreign nation often is time consuming and the United

States will need a continuance in this case in order to pursue

Defendant Franco's request.

The United States requests a stay in the proceedings in this

matter in order to attempt to obtain the requested documents and

further requests that any delay occasioned by the defendant's

discovery request be excluded from the provisions of the Speedy

---

[1]The undersigned attorney for the United States will seek
authorization from his immediate superiors, the Department of
Justice, and the Department of State to petition the Columbian
national government for the requested documents.  The undersigned
attorney for the United States reserves the right to cease
efforts in this regard if his immediate superiors, the Department
of Justice, or the Department of State indicates that such a
request is against existing policy or practice.  In such an
event, the undersigned attorney for the United States will
immediately notify the Court.

Trial Act.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:/s/ David G. Tobin
  DAVID G. TOBIN
  Assistant U.S. Attorney

Date: March 10, 2008

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system

will be sent electronically to the registered participants as

identified on the Notice of Electronic Filing (NEF.

/s/ David G. Tobin
DAVID G. TOBIN
Assistant United States Attorney

Date: March 10, 2008

   In September 2003, a call was intercepted over moves to exclude
from all Speedy Trial Act calculations the period of time from
March 24, 2005(the date of the most recent Status Conference) to
and including April 8, 2005(the date of the next Status
Conference) (excludable delay pursuant to 18 U.S.C. §
3161(h)(1)(F) and § 3161(h)(8)(A)).  The requested delay is in
the interests of justice and outweighs the best interests of the
public and the defendants in a speedy trial.  The defendants,
through counsel, assented to this request at the Status
Conference on March 24, 2005.

                         Respectfully submitted,

                         MICHAEL J. SULLIVAN
                         United States Attorney


               By:    _____
                         DAVID G. TOBIN
                         Assistant U.S. Attorney