UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11821-RGS

JULIO FRANCO

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON PETITIONER'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

April 29, 2011

STEARNS, D.J.

Julio Franco, proceeding *pro se*, brought this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Franco challenges his sentence on two grounds: (1) that his counsel provided ineffective assistance at the sentencing hearing by failing to argue for a downward departure based on his status as a deportable alien; and (2) by failing to argue that the 75-month sentence imposed by the court was unreasonable. For the reasons stated, Franco's petition will be denied.

BACKGROUND

On December 17, 2003, a Federal Grand Jury returned a three-count indictment charging Franco with conspiracy to distribute cocaine, and the attempted distribution of cocaine. Deputy U.S. Marshals located and arrested Franco some three years later on September 10, 2006. Franco pled guilty to both counts of the indictment on October

19, 2009.

On November 25, 2009, Franco was sentenced to two concurrent 75-month sentences followed by three years of supervised release. At the sentencing hearing, the government recommended a sentence of 87 months. Franco's counsel, however, argued for the mandatory minimum 60-month sentence, which was below the recommended guideline range of 87 to 108 months. Franco's attorney also brought to the court's attention the fact that an immigration detainer had been lodged by ICE.

The court imposed a 75-month term of custody, which was below the maximum advisory guideline sentence and 12 months below the government's recommendation. The court stated that it was doing so, "in recognition of Mr. Franco's family history; more importantly, his cooperation with the government in explaining his role [in the offenses], the agreement that there is genuine remorse on his part, and . . . his family circumstances." Sentencing Hr'g Tr. at 10. The court took note of the fact that Franco would be deported after serving his sentence, stating that "we recognize that removal is almost certain." *Id*. at 9. The court also stated that it understood Franco "will be under a detainer [upon release from the custody of the Bureau of Prisons]." *Id*. at 11. On October 25, 2010, Franco filed the instant petition. The government filed its opposition on March 10, 2011.

## DISCUSSION

Section 2255 provides for post-conviction relief in four instances: "if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). A challenge under the fourth prong of section 2255 will only succeed if the sentence is shown to contain "'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). Franco bears the burden of showing a miscarriage of justice. *See David*, 134 F.3d at 474.

Franco first argues (puzzlingly) that his counsel was ineffective for failing to bring to the court's attention a matter of which the court was clearly aware: that Franco's status as a deportable alien would preclude his serving any portion of the sentence at a minimum security facility or in community confinement. To prevail on a claim of ineffective assistance of counsel, Franco must first establish that his counsel's performance was "deficient" under the Sixth Amendment, and that the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The mode of analysis of an alleged *Strickland* error is well established. "First,

3

a reviewing court must assess the proficiency of counsel's performance under prevailing professional norms. . . . This evaluation demands a fairly tolerant approach; after all, the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or a successful defense. . . . The second line of inquiry . . . entails a showing of 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994) (internal citations omitted).[1]

"Addressing the prejudice prong prior to evaluating counsel's conduct is a permissible approach and even endorsed where more efficient." *Gonzalez-Soberal v. United States*, 244 F.3d 273, 277-278 (1st Cir. 2001). The "prejudice" element of an ineffective assistance claim presents a high hurdle for a petitioner. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Where a defendant has pled guilty to a charge, "the prejudice prong of the test requires him to show that, but for his counsel's unprofessional errors, he probably would have insisted on his right to trial." *United*

---

[1] "Judicial Scrutiny of counsel's performance must be highly deferential," and "every effort [should] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

*States v. LaBonte*, 70 F.3d 1396, 1413 (1st Cir. 1995), *rev'd on other grounds*, 520 U.S. 751 (1997). Like the defendant (Dyer) in *LaBonte*, this is a showing that Franco has not made (or even attempted). "Dyer's self-serving statement that, but for his counsel's inadequate advice he would have pleaded not guilty, unaccompanied by either a claim of innocence or the articulation of any plausible defense that he could have raised had he opted for a trial, is insufficient to demonstrate the required prejudice." *Labonte*, 70 F.3d at 1413. Even putting aside the absence of the necessary predicate showing, it is doubtful that counsel could ever be deemed ineffective for achieving a sentence for his client that was twelve months below the minimum advisory guideline sentence urged by the government.

## ORDER

For the foregoing reasons, Franco's Motion to Vacate, Set Aside, or Correct his Sentence is <u>DENIED</u>. The petition is <u>DISMISSED</u> with prejudice. The Clerk will now close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE